## No. 9313.

## SAYLOR v. HAMILTON.

1. APPEAL AND ERROR—*Judgment Below Construed.* A judgment for defendant sustained by the evidence, though upon motion to dismiss, regarded as a final judgment on the merits, and affirmed.

2. *Harmless Error.* Where in an action on an alleged contract of agency, for commissions alleged to be due to the plaintiff, plaintiff fails in his proofs, it is not error to discontinue the action, even though defendant asserts that as to a considerable part of the transactions in question an unsettled partnership exists,—the taking of the account at the time being impossible, and the right of the plaintiff to the accounting being preserved by the judgment.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. L. R. RHODES, Messrs. SEAMAN & SHERMAN, for plaintiff in error.

Mr. AB. H. ROMANS, Mr. R. W. FLEMING, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

SUIT was by W. H. Saylor, to recover $10,401.50, with interest from March 14, 1914, said to be due from defendant for moneys paid him and for commissions on the sale of certain horses and jacks made by plaintiff during a period from 1909 to 1914, both inclusive. Trial was to the court and at the close of all of the testimony the court found and held that plaintiff had failed to make out his case by a preponderance of the testimony, and a judgment of dismissal was entered, but without prejudice to an accounting between the parties, on the theory that a partnership existed between them covering a part of the period in question, as contended by defendant. It was further claimed by defendant that he had paid and discharged all of plaintiff's demands of whatever kind and character, how-

ever accruing. The judgment thus rendered is now here for review.

The main contention is that the findings of the court are not supported by the testimony. The findings, upon which the judgment of dismissal is based, are as follows:

"The court holds in this case that the plaintiff has failed to establish his cause of action by a preponderance of evidence; in fact the preponderance of evidence and the great weight of evidence is with the defendant; and the action is eaccordingly dismissed at plaintiff's costs, without prejudice to the bringing of another action, if the occasion should require, for an accounting, as the plaintiff might see fit, to bring it."

It is urged by plaintiff that by its findings the court in reality did not pass upon the evidence as a whole, but granted the motion to dismiss as if made before testimony had been taken. That in effect plaintiff did not have a trial on the merits because, as is claimed, the court did not consider the testimony in granting the motion to dismiss.

From the whole record it is plainly apparent that this contention is not well taken. It appears that plaintiff began his action upon the theory that the transactions between him and the defendant were upon contract, the consideration to be a commission to be paid him on the sale of horses and jacks. The defendant contended, and attempted by evidence to establish, that a partnership existed between the parties after June, 1910, and that all claims which accrued prior thereto had been paid, and that on partnership account he had advanced plaintiff $2,500.00 in excess of the amount justly his due. There is a direct conflict as to the agreement between the parties. If, upon the testimony, the trial court concluded that plaintiff was acting merely as sales agent for defendant, there is ample competent testimony to establish the payment by defendant to him of all commissions alleged to be due and of all moneys advanced. If, on the other hand, the court concluded that the arrangement between the parties was in

the nature of a partnership agreement after the month of June, 1910, it conclusively appeared that many of those transactions were at the time of trial still unsettled, and that a full accounting would then have been impossible. Under the rule announced in 1 Corp. Jur. 628, an accounting would then have been wholly improper and absolutely out of the question. Whether it would have been better practice to have continued the case until such time as an accounting could have properly been had, we do not here determine, for the suit was dismissed without prejudice to such an accounting later. And in as much as the plaintiff denies any partnership the court did not abuse its discretion in dismissing the action, particularly as the rights of plaintiff were reserved for further consideration on the theory of the existence of such relations.

There is much competent evidence to support the findings of the court, which were general, and adverse to the plaintiff in each particular and necessarily therefore upon every question properly at issue in the case. The judgment in effect, while apparently allowed in response to a motion to dismiss, was for all practical purposes a final judgment on the merits of the case, as far as the affirmative claim of the plaintiff is concerned. He is bound by such findings, and in view of the ample evidence adduced to support them, they should not be disturbed on this review.

The judgment is affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.